CAROLINE V. CRAMER et al., Respondents, *v.* GRAND RAPIDS SHOW CASE COMPANY, Appellant.

**Damages — evidence — action to recover damages and expenses resulting from defendant's failure to supply furniture and fixtures for plaintiffs' store in time to begin business as planned — erroneous admission of evidence showing sales and profits in following year as basis for damages.**

In an action to recover damages and expenses caused plaintiffs by defendant's failure to deliver furniture and fixtures for plaintiffs' store at the time agreed, so that plaintiffs were unable to open their store, as planned, in time to sell, in the proper season, goods purchased for the fall and winter trade, the trial judge charged the jury, " If a man has arranged to start a business at a certain time and is prevented from starting it by reason of wrong or breach of contract by somebody else, he is entitled to recover whatever profits he can show he would have made during that time for the breach of contract by the other party," and the courts below have held that plaintiffs may

recover for the breach of the contract such an amount of profits as they would have made had they not been prevented from starting in business, such damages not to be based upon · a business theretofore carried on but measured by profits during a period of time corresponding to the period of interruption one year later. *Held*, error; that a distinction exists between the interruption of an established business and a new venture; that the evidence of loss of profits and the submission of that question to the jury by the trial justice was in conflict with the determination of this court. (*Witherbee* v. *Meyer*, 155 N. Y. 446, followed.)

*Cramer* v. *Grand Rapids Show Case Co.*, 165 App. Div. 942, reversed.

(Submitted January 14, 1918; decided March 5, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 8, 1914, modifying and affirming as modified a judgment in favor of plaintiffs entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. W. Personius* and *B. W. Nye* for appellant. The measure of damages adopted, viz., expected profits, was erroneous. (*Witherbee* v. *Meyer*, 155 N. Y. 446; 8 Am. & Eng. Ency. of Law [2d ed.], 627; 1 Sedg. on Dam. [9th ed.] 183, 197; *Central Coal & Coke Co.* v. *Hartman*, 111 Fed. Rep. 97; *Griffin* v. *Culver*, 16 N. Y. 489; *Wehle* v. *Haviland*, 69 N. Y. 448; *Blanchard* v. *Ely*, 21 Wend. 343; *Dodds* v. *Hakes*, 114 N. Y. 260; *Cassidy* v. *Le Fevre*, 45 N. Y. 562.) The plaintiffs cannot maintain this action; at best they were undisclosed principals who cannot maintain the action; and even an undisclosed agency is not established. (*Moore* v. *Vulcanite Co.*, 121 App. Div. 667; *Johnson* v. *Morgan*, 68 N. Y. 494.)

*Halsey Sayles* for respondents. The measure of damages adopted, viz., loss of profits, was the correct one. (*Stevens* v. *Amsinck*, 149 App. Div. 220; *Wakeman* v. *W. & W. Mfg. Co.*, 101 N. Y. 205; *Nash* v. *Thousand Island*

*Steamboat Co.*, 123 App. Div. 148; *Gagnon* v. *Sperry &
Hutchinson Co.,* 206 Mass. 547.) The plaintiffs as
principals have this action against defendant. (*Meeker*
v. *Claghorn*, 44 N. Y. 349.)

HOGAN, J. In May, 1910, the plaintiffs, residents of
Watkins, Schuyler county, formed a copartnership to
carry on the business of dealing in ladies' furnishings
in the city of Amsterdam. The plaintiff Gurnett, though
a business man, had no previous experience in that line
of business. The plaintiff Cramer had taught school in
Amsterdam from September, 1909, until sometime in
May, 1910, when she secured employment in a depart-
ment store in the city of Elmira, and worked there from
May 26th, 1910, until the latter part of July following.

Early in May, 1910, the plaintiffs leased a store in
the city of Amsterdam at a monthly rental of one
hundred dollars a month. The store was devoid of
fixtures except electric wiring. Plaintiffs, desirous of
securing the necessary furniture and fixtures to carry
on the business and to open the store in September, on
or about June 9th, 1910, sought to procure the same
from the Watkins Undertaking Company. That com-
pany, following consultation with plaintiffs and one
Marks, a representative of defendant, gave to Marks a
purchase order in writing dated that day, addressed to
the defendant, to ship the articles of furniture therein
enumerated and described as " sold to Watkins Under-
taking Company, Watkins, N. Y., ship to J. W. Gurnett,
Amsterdam, N. Y." The furniture was specified in
detail, the purchase price at $1,376.25, net fifty days,
F. O. B. Grand Rapids to be delivered not later than
August 15th. The contract was signed by defendant
Marks, salesman, and accepted by the Watkins Under-
taking Company.

About August 15th the plaintiffs were in the city of
New York. They called on Marks and told him that

they were in the city for the purpose of purchasing a stock of seasonable goods, which they would not purchase if they were going to be delayed in receiving the furniture. They were assured by defendant, through Marks, that the furniture would be shipped in a few days. Plaintiffs, thereupon, purchased a stock of goods suitable for the fall and winter trade at a cost of $7,842.37 and planned to open the store in Amsterdam between September 15th and 20th. The defendant failed to ship the fixtures and furniture and this action was brought to recover damages for a breach of the contract. The amended bill of particulars of the damages claimed consists of seven separate items and in view of the evidence adduced on the trial reference to the same is material. The total amount claimed was $6,703.62. Of that amount $5,916 was stated as damages sustained by reason of fall and winter trade and the profits which plaintiffs otherwise would have made from the sale of goods. The balance of $787.62 consisted of loss of rent of store, two months, $200; temporary fixtures, $100; interference of business, placing new furnishings, $200; increased price for same, $100; obligation to pay commissions, $137.62; small items for board, $50. The evidence fails to disclose that plaintiffs after purchase of new fixtures paid any sums therefor in excess of the amount stated in the contract to be paid, or that any amount was paid or obligated to be paid for commissions, or for board bills. Those items deducted would leave the claim sought to be established $5,916 for loss of profits and remaining items $500. The jury rendered a verdict in favor of plaintiffs for $3,310. The Appellate Division reduced the same to $1,500, which was assented to by plaintiffs and as thus modified the judgment was affirmed.

It is apparent that the verdict largely included an allowance to plaintiffs for loss of profits. As the Appellate Division affirmed without opinion we are unable to

determine the basis of the modification made by it. The
recovery allowed by the modification, however, is greatly
in excess of the amount of damages claimed by plaintiffs
other than for loss of profits.

Upon the trial, plaintiffs, over objection and exception
of defendant, were permitted to prove the amount of sales
made by them and the profits thereof from September
15th to November 14th, 1911, one year subsequent to
the breach of the contract, also sales made from Novem-
ber 14th, 1910, to April 1st, 1911, and an estimated
loss of thirty-five per cent on such sales made, as well
as additional facts of like nature.

The trial justice in submitting the case to the jury
upon this question instructed them as follows: " If a
man has arranged to start a business at a certain time
and is prevented from starting it by reason of wrong
or breach of contract by somebody else, he is entitled
to recover whatever profits he can show he would have
made during that time for the breach of contract by the
other party," to which instruction to the jury exception
was duly taken by defendant's counsel.

I have pointed out the limited business experience of
plaintiffs, the fact that the enterprise was an adventure
in a locality where neither one of them had before been
engaged in business. No doubt the plaintiffs entertained
hope that the business venture upon which they were
about to embark would prove successful. Such expec-
tation was evidently based upon a consideration of the
resident population of the city of Amsterdam, the business
activity of the residents of that city and the number
and character of competitors in the same general line of
business. Plaintiffs, however, had no assurance that the
venture would not prove to be a failure. At the time
the contract was made they had the lease of a vacant
unfinished store. They had not as yet purchased goods,
placed goods on sale or secured one customer. They had

before them the labor of building up a new business. Nevertheless, the courts below have held that plaintiffs may recover for the breach of the contract such an amount of profits as they would have made had they not been prevented from starting in business, such damages not to be based upon a business theretofore carried on but measured by profits during a period of time corresponding to the period of interruption one year later.    Therein, material error was committed.

The evidence of loss of profits and the submission of that question to the jury by the trial justice was in conflict with the determination of this court in *Witherbee* v. *Meyer* (155 N. Y. 446) where the rule of damages is fully considered and the case of *Wakeman* v. *Wheeler & W. Mfg. Co.* (101 N. Y. 205), relied upon by counsel for plaintiffs, distinguished.    The reasoning in the *Witherbee* case renders unnecessary additional citations from other jurisdictions or the United States Supreme Court in harmony with that decision.

A distinction exists between the interruption of an established business and a new venture.    The owner of an established business may have it in his power to establish with reasonable certainty the amount of capital invested, the monthly and yearly expenses of operating his business, and the daily, monthly or yearly income he derived from it for a long time prior thereto and for the time during which the interruption of which he complains continued, thereby furnishing a reasonably correct estimate of the nature of the legal injury and the amount of damages which resulted therefrom.    While evidence of such facts may be admissible they must not be uncertain or problematical.    (*Dickinson* v. *Hart*, 142 N. Y. 183.)    The requirement imposed upon one whose business has been established and interrupted cannot be enforced as to him and made less stringent to one embarking in a new business who cannot furnish data

of past business from which the fact that anticipated profits would have been realized can be legally deduced.

The conclusion reached requires a reversal of the judgment and a new trial. Upon a second trial we are of opinion without detailing the facts as they appear in the record that the question as to whether or not the Watkins Undertaking Company was a principal in the contract, or the agent of plaintiff, is a question of fact.

The judgment should be reversed, and new trial granted, costs to abide the event.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, McLAUGHLIN and CRANE, JJ., concur.

Judgment reversed, etc.