HAROLD D. GREENWALD, Plaintiff, *v.* GOTHAM SILK HOSIERY CO., INC., Defendant.

Supreme Court, New York County, December 8, 1925.

Depositions — examination of defendant before trial — plaintiff entitled to examine defendant as to prospective damages in action for breach of contract.

The plaintiff, in an action for breach of contract, is entitled to examine the defendant before trial for the purpose of ascertaining facts from which prospective damages may be fixed.

MOTION for examination of party before trial.

*Stein & Salant,* for the plaintiff.

*Spiro, Abrams & Felstiner* [*William Felstiner* of counsel], for the defendant.

PROSKAUER, J. By the terms of the general letter which governed the specific contracts in suit, the plaintiff's assignor was protected by the defendant's covenant not to take any business in a particular city " so long as you are selling in any particular city as much as two dozen per year for each thousand inhabitants." While other circumstances developed on a trial might require a different holding by a trial judge, I cannot hold on these papers that this is a mere contract at will. The plaintiff's assignor was to make a market for an article bearing a trade name and as part of the arrangement by which it was to do this, it was secured in its sole right to distribute that article for a period, not definitely expressed in years, but definitely ascertainable by a fixed criterion. The measure of the damages for the breach is the value of the contract to plaintiff's assignor. The profits made by plaintiff's assignor before the breach, the sales in the specified territory made by the defendant after the breach, and the similar business experience in the particular city of the plaintiff's assignor and the defendant, constitute the evidence upon which a jury would fix the reasonable probability of the duration of the agency of plaintiff's assignor and the annual profit which it would have realized during such period of continuance. The doctrine of *Wakeman* v. *Wheeler & Wilson Mfg. Co.* (101 N. Y. 205) is applicable.

The case of *Cramer* v. *Grand Rapids Show Case Co.* (223 N. Y. 63) is clearly distinguishable because there the business whose profits were to be ascertained was not a continuing enterprise commenced before the breach complained of and the profits for the intervening period could not be computed readily from the experience of this business itself.

The subject-matter of the examination sought seems to me, therefore, material and the motion is granted. Settle order on notice.