SAMUEL RUBMAN, Respondent, v. S. & L. HOFFMAN BROS. CLEANERS AND DYERS, INC., Appellant.— Judgment of the City Court of Mount Vernon modified by eliminating the item of $250 damages awarded the plaintiff under the third cause of action and reducing the judgment to the sum of thirty-five dollars, with ten dollars costs in the trial court. (Charter of City of Mt. Vernon, § 214, being Laws of 1930, chap. 750.)■ As so modified the judgment and the order are unanimously affirmed, without costs. As to the third cause of action, the complaint is dismissed. We are of opinion that the plaintiff failed in his proof of damages under his alleged third cause of action. (*Cramer* v. *Grand Rapids Show Case Co.*, 223 N. Y. 63; *Broadway Photoplay Co.* v. *World Film Corp.*, 225 id. 104.) Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ.

WILLIAM P. SCHWEICKERT, Respondent, v. MAX MANDELL, Appellant.— Order granting plaintiff's motion for summary judgment reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, upon the ground that the facts set forth in defendant's affidavit present an issue of fact as to whether there was or was not a contract between the parties. Lazansky, P. J., Young, Kapper and Tompkins, JJ., concur; Hagarty, J., dissents and votes to affirm.

EDMUND W. SAMUEL, Appellant, v. EDGAR R. BASTRESS and Others, as Executors, etc., of JOHN E. BASTRESS, Deceased, and Others, Respondents.— Judgment reversed upon the law and the facts, with costs, and judgment directed in plaintiff's favor, with costs, the amount to be determined by an official referee, to whom the matter will be referred to take and state the account. The evidence establishes an agreement of joint adventure. The fact that John E. Bastress in his lifetime had full knowledge of plaintiff's claim removes this case from the strict rule of construction enunciated in *Hamlin* v. *Stevens* (177 N. Y. 39) and *Holt* v. *Tuite* (188 id. 17). (See *Matter of McMillan*, 218 id. 64.) The agreement made by plaintiff and John E. Bastress was for an equal interest in all real estate and building operations, including those of E. C. Dillon Construction Co., Inc., in which the money raised upon plaintiff's securities was used. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made in conformity herewith. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur. Settle order on notice.