33 N.Y.2d 443 (1974)
Lucille W. Slater, as Executrix of Charles F. Slater, Deceased, Plaintiff,
v.
American Mineral Spirits Company et al., Defendants. Red Star Express Lines of Auburn, Inc. et al., Third-Party Plaintiffs-Appellants,
v.
Eastman Kodak Company, Third-Party Defendant-Respondent.
Carl Smith, Plaintiff,
v.
Red Star Express Lines of Auburn, Inc. et al., Defendants. Red Star Express Lines of Auburn, Inc. et al., Third-Party Plaintiffs-Appellants,
v.
Eastman Kodak Company, Third-Party Defendant-Respondent.
James H. Willmott, Plaintiff,
v.
Red Star Express Lines of Auburn, Inc. et al., Defendants. Red Star Express Lines of Auburn, Inc., Third-Party Plaintiffs-Appellants,
v.
Eastman Kodak Company, Third-Party Defendant-Respondent.
Court of Appeals of the State of New York.
Argued January 17, 1974.
Decided March 27, 1974.
Stephen V. Lines and William T. Lehman for appellants.
William H. Morris for respondent.
Chief Judge BREITEL and Judges GABRIELLI and WACHTLER concur with Judge JONES; Judge JASEN dissents and votes to reverse in a separate opinion in which Judges RABIN and STEVENS concur.
*445 JONES, J.
The principle of apportionment of liability articulated in Dole v. Dow Chem. Co. (30 N Y 2d 143) is not available on application to reopen issues otherwise finally concluded merely because other aspects of litigation arising out of the same event are still pending in the judicial process.
On September 13, 1968 James Duffy had driven a Red Star Express tractor-trailer combination to the unloading platform at the Elmgrove Road plant of Eastman Kodak. Decedent Slater and plaintiffs Smith and Willmott, all employees of Eastman Kodak, were unloading castings consigned to Eastman Kodak when the blade of a forklift truck punctured a drum of chemical. Explosion and fire followed causing injuries to Slater, Smith, Willmott and Duffy.
Plaintiffs instituted these three actions in negligence against Red Star Express and Duffy, its driver. Red Star Express and Duffy then served third-party complaints on Eastman Kodak. Supreme Court, Monroe County, on December 10, 1971, granted motions by Eastman Kodak to dismiss the third-party complaints on the theory that plaintiffs' complaints against Red Star Express and Duffy, defendants and third-party plaintiffs, were grounded in allegations of active negligence only, which under the law then applicable (active-passive negligence theory) barred recovery over against a third-party defendant. Separate orders dated December 15, 1971, were then entered in each of the three actions, dismissing the third-party complaint, but no *446 final judgments were ever entered. No appeals were taken from the December 15, 1971 orders.
On March 22, 1972, our court handed down the decision in Dole.
In May, 1972, before the main action between plaintiffs and defendants had been reached for trial, Red Star Express and Duffy served a new third-party summons and complaint in each action against Eastman Kodak, predicated this time on Dole principles. Eastman Kodak moved to dismiss the new third-party complaints, and on June 20, 1972, Supreme Court, Monroe County, granted the motions to dismiss on the ground that the orders of December 15, 1971 dismissing the first third-party complaint in each action were final dispositions, and that, no appeal having been taken, res judicata was a complete bar to the later third-party complaints.
On appeal by Red Star Express and Duffy the Appellate Division, Fourth Department, affirmed unanimously, without opinion, and the appeal is now before us by our permission.
We agree with the dispositions made below. Had final judgments been entered on the 1971 orders of dismissal as a further procedural refinement, there would have been little question but what the doctrine of res judicata would have precluded consideration of the second-round third-party complaints. The 1971 dispositions were on the merits of the third-party claims, and no appeal having been taken those dispositions became final. (Linton v. Perry Knitting Co., 295 N.Y. 14; Joannes Bros. Co. v. Lamborn, 237 N.Y. 207; Flynn v. Sinclair Oil Corp., 20 A D 2d 636, affd. 14 N Y 2d 853; see Restatement, Judgments, § 50.) While defendants' claims over against Eastman Kodak were raised in the litigation between plaintiffs and defendants, the issues were clearly separable. The doctrine of res judicata applies to issues between parties and not to captions of cases.
Although technical and historical distinctions might be drawn between final orders and final judgments, we find no occasion here to reach a different result because the record does not disclose the formal entry of a final judgment. In the state of modern practice it would be inappropriate to attach significance to any such distinction. A motion is defined as "an application for an order". (CPLR 2211.) A motion terminates in an order whereas both an action and a special proceeding terminate in a judgment (CPLR 411, 5011; see Weinstein-Korn-Miller, *447 N. Y. Civ. Prac., vol. 1, pars. 103.06, 411.01; vol. 2A, par. 2211.02). Provision is made for the docketing of an order as a judgment only when the order directs the payment of money or affects the title to or possession, use or enjoyment of real property (CPLR 2222). Perhaps more significantly, an appeal could have been taken here from the orders of December 15, 1971 (CPLR 5512). Thus, we conclude that the claims of defendants for relief over against Eastman Kodak were in final judicial repose when no appeal was taken from the orders of December 15, 1971.
It has been pressed on us that exceptions should be found to the normal application of res judicata in instances such as this in which the principles of Dole are involved and in which other aspects of the litigation arising out of the event are still pending  here at the time of service of the second third-party complaints there had been no trial or other disposition of plaintiffs' claims against defendants arising out of the explosion and fire on September 13. First, we note that nothing we decided in Kelly v. Long Is. Light. Co. (31 N Y 2d 25) or in other cases in which we have held Dole applicable to matters still in the judicial process points to allowance of the third-party complaints in this case. We have not heretofore confronted the question as to application of Dole to matters which would otherwise have been judicially concluded. In Kelly the appeal was taken directly from what, in the context of the present case, might be referred to as the order dismissing the initial third-party cross claim. The appeal itself refuted any contention that that claim over was in judicial repose. The issue before us in Kelly was whether, on direct appeal with respect to the cross claim, disposition should be made on the basis of the decisional law in effect at the time of the Supreme Court order which dismissed the claim or that in effect at the time of appeal. We held that the law in effect at the time of the appellate decision was controlling (p. 29, n. 3). Our present decision casts no doubt on that proposition. (Frey v. Bethlehem Steel Corp., 30 N Y 2d 764; see Rogers v. Dorchester Assoc., 32 N Y 2d 553, 563.)
In the second place, we find nothing in Dole to warrant making an exception to res judicata principles. The conclusive effect of a final disposition is not to be disturbed by a subsequent change in decisional law. (Spindell v. Brooklyn Jewish Hosp., 35 A D 2d 962, affd. 29 N Y 2d 888; *448 cf. Matter of Huie [Furman], 20 N Y 2d 568; Deeves v. Fabric Fire Hose Co., 14 N Y 2d 633.) Indeed, to hold otherwise might be to raise constitutional issues.
The orders of the Appellate Division should be affirmed.
JASEN, J. (dissenting).
I believe it is unfair and violative of the spirit of Dole v. Dow Chem. Co. (30 N Y 2d 143) to deny the defendants an opportunity to assert their claims for apportionment of damages. Accordingly, I would reverse the orders of the Appellate Division and reinstate the third-party complaints.
Preliminarily, it should be observed that in order to invoke the doctrine of res judicata, there must be a final judgment on the merits. (See Bannon v. Bannon, 270 N.Y. 484, 489.) Where there is no judgment upon which to predicate res judicata, as here, but merely an order entered on a motion to dismiss for failure to state a cause of action, the doctrine of res judicata is inapplicable. Significantly, the prime action was still pending when the second third-party complaints were sought to be interposed. Consequently, the prior determinations dismissing the original third-party complaints were, at best, law of the case, rather than res judicata. As such, the intervening change of law announced in Dole was ample reason for disregarding the prior dismissals based on allegations of active negligence in the main complaint and allowing interposition of the Dole claims for apportionment.[*]
Then, too, since we have held that the Dole rule applies to cases pending at the appellate level at the time Dole was decided (Kelly v. Long Is. Light. Co., 31 N Y 2d 25, 29, n. 3), it follows that it should likewise apply to actions commenced and pending at the trial level. Indeed, the Dole principle of equitable loss apportionment is so fundamental that it warrants retroactive application in a pending case even in which, as here, the effect may be to defeat the purposes underlying the doctrine of former adjudication and the policy against extending the time to appeal.
*449 Indeed, wooden application of these rules in impleader practice works an anomolous result. These defendants  third-party plaintiffs are in effect penalized for choosing impleader rather than an independent action to enforce their Dole rights. Had they awaited final judgment in the prime action and then brought an independent indemnity action, unquestionably they would have been entitled to a Dole apportionment. I cannot ascribe to such an unjust result.
But more fundamentally, the court holds, in effect, that the defendant's indemnity action is barred before it accrued. The decision is at once at war with the very nature of impleader practice and illustrates that the application of traditional notions of former adjudication is unwarranted in this context.
Dole creates a substantive right to apportionment of damages among joint or concurrent tort-feasors without regard to the degree or nature of fault, in effect, a cause of action for indemnification where none existed before. (Kelly v. Long Is. Light. Co., supra, at p. 29.) But the cause of action does not accrue until payment of the judgment. (Musco v. Conte, 22 A D 2d 121, 126; see, also, Ann., 20 ALR 2d 925, 927.) Impleader is merely the procedural vehicle by which a cause of action for indemnification may be asserted before it actually accrues. But the third-party complaint has no independent existence apart from the prime action. (Morey v. Sealright Co., 41 Misc 2d 1068, 1070; American Home Assur. Co. v. Botto, 31 Misc 2d 277; but cf. Grant Co. v. Uneeda Doll Co., 19 A D 2d 361, affd. without opn. 15 N Y 2d 571; see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3014.12, especially at p. 30-275.) Its purpose is to merely avoid circuity of action and multiplicity of lawsuits and to encourage economic and expeditious determination of all claims at one time. (Kelly v. Yannotti, 4 N Y 2d 603, 606; Krause v. American Guar. & Liab. Ins. Co., 27 A D 2d 353, 355, affd. 22 N Y 2d 147; Morey v. Sealright Co., supra.) Consequently, as a general rule, at any time during the pendency of the prime action, a defendant should be permitted to seek an apportionment of damages. (CPLR 1007; see Liebman v. County of Westchester, 71 Misc 2d 997, 1001, revd. on other grounds 41 A D 2d 756.) It follows that in these transitional cases where there has been a prior dismissal of a third-party complaint based on allegations of active negligence in the main complaint, *450 service of a new third-party complaint should be allowed based on the intervening change of law announced in the Dole decision. (See Glickson v. Smith, N. Y. L. J., Dec. 7, 1972, p. 2, cols. 2-3; cf. Moreno v. Galdorisi, 39 A D 2d 450, 453; see, also, 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3019.62, at pp. 30-482.XX-XX-XXX.64; McLaughlin, N. Y. Trial Prac., N. Y. L. J., March 9, 1973, p. 4, col. 3; Siegel, Practice Commentaries, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3019.75, p. 303.) Such a course, in my opinion, is "pragmatically sound, as well as realistically fair" (Kelly v. Long Is. Light. Co., 31 N Y 2d 25, 29, supra) and more closely comports with the spirit of the Dole decision.
Orders affirmed, without costs.
NOTES
[*] At any rate, to treat the prior dismissals, based on mere allegations of active negligence in the main complaint, as res judicata is manifestly unfair considering that the main complaint is drawn without any thought whatever of the defendant's rights against third parties. (Cf. Dole v. Dow Chem. Co., supra, at p. 147.)