■ STATE BANK OF ALBANY, Respondent, v JOHN L. McAULIFFE, Appellant. — Levine, J. Appeal from an order and judgment of the Supreme Court at Special Term (Pennock, J.), entered January 13, 1984 in Albany County, which granted plaintiff's motion to dismiss defendant's counterclaims and granted plaintiff summary judgment thereon.

The facts of this case are more fully set forth in our prior decision in this case (97 AD2d 607, *appeal dismissed* 61 NY2d 758). For the purposes of this appeal, it is sufficient to state that plaintiff brought suit against defendant for the collection of three notes executed by defendant in favor of plaintiff in July of 1976. The notes became due in January 1981, when defendant defaulted in the repayment of the three loans for which the notes had been security. After issue had been joined, plaintiff moved for summary judgment. Special Term denied that motion. However, on appeal, this court modified Special Term's order by granting plaintiff summary judgment on the complaint. We did not grant summary judgment on the counterclaims contained in defendant's answer, however, since plaintiff's motion papers had not addressed defendant's counterclaims (*supra,* at p 608). Plaintiff subsequently moved for summary judgment on the counterclaims before Special Term, which granted the motion. This appeal by defendant ensued.

Defendant's counterclaims allege, first, the wrongful exercise of control over defendant's personal property (the loan proceeds) by plaintiff and, second, malicious prosecution. Special Term was correct in awarding summary judgment to plaintiff on both these claims.

In support of defendant's first counterclaim, he contends that he did not indorse any of the bank checks, which constituted a portion of the loan proceeds which the notes had secured. He claims that his signature, as it appears on the backs of the checks, was forged and that he never received any of the proceeds of the loans. However, when this matter was first before this court, we rejected this claim, noting that defendant had produced no evidence that the indorsements on the checks were forgeries or that the loan proceeds had not been received by defendant when a portion thereof was credited to other accounts which defendant had at plaintiff bank and the balance paid by cashier's checks directly to defendant. We then granted summary judgment to plaintiff. That decision was a final judgment on the merits, conclusively establishing that consideration was received by defendant on the loans. Accordingly, our determination of this issue, as set forth in that decision, now constitutes collateral estoppel, precluding defendant from again raising the issue here (Siegel, NY Prac § 444, at 589 [1978]).

In so holding, we reject defendant's contention that our previous judgment was not, in fact, a final one because the Court of Appeals dismissed his appeal from that decision on the ground that this court's order did not finally determine the action. The finality of a judgment for the purposes of appealability is not the

same as its finality for collateral estoppel purposes. Finality for the purposes of an appeal to the Court of Appeals requires a final disposition of all the issues in the action (CPLR 5611). Such a final disposition did not occur in the instant matter since our prior decision left defendant's counterclaims undetermined. However, finality for collateral estoppel purposes occurs when issues have been necessarily determined in a prior final disposition of a cause of action on the merits (Siegel, NY Prac §§ 446, 457 [1978]). "[A]ny finding essential to the judgment constitutes a component of that judgment and lends itself to an estoppel" (Siegel, NY Prac § 464, at 614 [1978]). Hence, in this matter, a final disposition was made for collateral estoppel purposes when this court granted summary judgment to plaintiff in its action for the collection of the balance due on the notes, thereby establishing that defendant had received the proceeds of the loans. Accordingly, defendant's first counterclaim, alleging the wrongful exercise of control over defendant's property by plaintiff, cannot be maintained, and Special Term was correct in dismissing it.

Defendant's second counterclaim, alleging malicious prosecution, was also properly dismissed. This counterclaim was interposed in the context of the very suit which he alleges was wrongfully brought (*Wiener v Wiener,* 84 AD2d 814, 815). However, a prerequisite of this cause of action is a *prior* termination of the objected-to suit in the injured party's favor (*id.*).

Order and judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.