**INTERNATIONAL  TELEPASSPORT CORPORATION and USF of South Florida, Inc., Petitioners–Appellees/Cross–Appellants,**

v.

**USFI, INC., Respondent–Appellant/Cross–Appellee.**

**Nos. 1718, 2009, Dockets 95–9268, 95–9298.**

United States Court of Appeals, Second Circuit.

Argued June 11, 1996.

Decided July 12, 1996.

84

Richard M. Zaroff, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, New York City (Elliot H. Scherker, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, FL, on the brief), for Petitioners–Appellees/Cross–Appellants.

George A. Bermann, New York City (Howard Graff, Baer Marks & Upham LLP, New York City, on the brief), for Respondent–Appellant/Cross–Appellee.

Before OAKES, ALTIMARI, and WALKER, Circuit Judges.

PER CURIAM:

Respondent USFI, Inc. appeals from an amended final judgment of the United States District Court for the Southern District of New York (Richard Owen, *District Judge*), which confirmed an arbitration award in favor of petitioners International Telepassport Corporation and USF of South Florida, Inc. (together "ITC"). ITC cross-appeals from the district court's order that denied ITC's motion for sanctions against USFI and its counsel. We affirm.

## BACKGROUND

In May 1993, USFI and ITC entered into an Independent Representative Agreement (the "Agreement") for ITC to solicit orders for and promote the sale of USFI's "call back" system. This system allows customers in countries with poor telephone services to route their international phone calls through the United States by dialing an access number, hanging up, and receiving a call back from the United States. The customer then has access to a United States telephone line and is able to improve the quality of its international long distance services, while achieving significant savings.

Under the Agreement, ITC was to market USFI's system in a number of Central and South American countries, including Venezuela and Mexico. The Agreement contained an arbitration clause that stated:

> This Agreement shall be governed and construed in accordance with the laws of the State of New York. Any dispute or controversy between the parties involving the terms of this Agreement shall be settled by arbitration conducted under the rules of the American Arbitration Association strictly in accordance with the substantive law of the State of New York. The arbitration order shall be a final order and not appealable. The arbitration panel shall determine the proportion of costs for such arbitration to be borne by each party.

Over the next several months, ITC undertook efforts to market USFI's system in both Venezuela and Mexico. In late 1993 and early 1994, a dispute between ITC and USFI arose over USFI's installation of a newer

version of its system at several hotels in Mexico. ITC commenced an arbitration proceeding under the Agreement, alleging that USFI was dealing with the hotels without going through ITC, in violation of the Agreement. After hearings and post-hearing briefing, the arbitrator issued an award in favor of ITC in the amount of $322,500 in damages and $10,950 in arbitration fees. Because ITC's total out-of-pocket damages were only $196,182, the award necessarily included an award to ITC of damages for future profits lost.

On September 15, 1995, ITC filed a petition in the district court to confirm the award. USFI moved to vacate the award on the ground that the arbitrator exceeded his authority because New York law forbids an award of lost profits damages to a new business such as ITC. On November 13, 1995, ITC cross-moved the court for sanctions against USFI and its counsel. In a November 22 order, the district court confirmed the award and denied both the motion to vacate the award and the motion for sanctions. This appeal and cross-appeal followed.

## DISCUSSION

■ Federal courts may vacate an arbitration award under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in relatively limited circumstances, including those occasions in which the arbitrator has exceeded his authority or manifestly disregarded the law. *Carte Blanche (Singapore) Pte. v. Carte Blanche Int'l*, 888 F.2d 260, 264–65 (2d Cir.1989). On appeal, USFI argues that the district court should have vacated the award on both of these grounds because New York substantive law, which governs the Agreement, "does not permit the award of lost profits in the case of breaches of contract for new ventures." Brief of Respondent–Appellant/Cross–Appellee at 21. In reviewing the district court's confirmation of the award and denial of the motion to vacate, we "accept[ ] findings of fact that are not 'clearly erroneous' but decid[e] questions of law *de novo*." *First Options v. Kaplan*, — U.S. —, —, 115 S.Ct. 1920, 1926, 131 L.Ed.2d 985 (1995).

■ A district court should not vacate an arbitration award for manifest disregard

simply because of "error or misunderstanding with respect to the law." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933 (2d Cir.1986). Instead, we require that the error be such that it was "obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover the term 'disregard' implies that the arbitrator apprehended the existence of a clearly governing legal principle but decide[d] to ignore or pay no attention to it." *Id.*

We agree with the district court that USFI cannot meet this standard. *See International TelePassport Corp. v. USFI, Inc.*, No. 95 Civ. 7920, slip op. at 3–5 (S.D.N.Y. Nov. 22, 1995). In *Ashland Management, Inc. v. Janien*, 82 N.Y.2d 395, 404, 604 N.Y.S.2d 912, 624 N.E.2d 1007 (1993), the New York Court of Appeals reaffirmed that to obtain an award of lost profits, a plaintiff must demonstrate that "(1) the damages were caused by the breach; (2) the alleged loss [is] capable of proof with reasonable certainty[;] and (3) the particular damages were within the contemplation of the parties to the contract at the time it was made." The Court of Appeals went on to note that "in the case of a new business seeking to recover loss of future profits, a stricter standard is imposed" but pointed out that "[w]hether the claim involves an established business or a new business ... the test remains the same, i.e., whether future profits can be calculated with reasonable certainty." *Id. Ashland Management* does not support USFI's claim that lost profits in the case of breaches of contracts for new ventures are not permitted by New York law. To the contrary, *Ashland Management* clearly contemplates the award of such damages in some circumstances. USFI's urgings notwithstanding, we can discern no "clearly governing legal principle" under New York law that such damages are forbidden. *Merrill Lynch*, 808 F.2d at 933.

■ USFI also argues that the award of lost profits damages constituted a failure to determine this dispute "strictly in accordance with the substantive law of the State of New York," as required by the Agreement, and

that therefore the arbitrator exceeded his authority as limited by the terms of the arbitration clause. We agree with USFI that the Court of Appeals repeatedly has emphasized that lost profits damages are recoverable by a new business only if more stringent requirements are met than in the case of an established business. *See, e.g., Ashland Management,* 82 N.Y.2d at 404, 604 N.Y.S.2d 912, 624 N.E.2d 1007; *Kenford Co. v. County of Erie,* 67 N.Y.2d 257, 261, 502 N.Y.S.2d 131, 493 N.E.2d 234 (1986); *see also Cramer v. Grand Rapids Show Case Co.,* 223 N.Y. 63, 68–69, 119 N.E. 227 (1918). We are also aware that there are no reported decisions since the Court of Appeals' decision in *Cramer* that have affirmed the award of lost profits to a new business. *See In re All–Flow, Inc.,* No. 94–CV–0134E(F), 1995 WL 591142, at *9 (W.D.N.Y. Sept.11, 1995). Nonetheless, the new business rule is not a per se rule forbidding the award of lost profits damages to new businesses, but rather an evidentiary rule that creates a higher "level of proof needed to achieve reasonable certainty as to the amount of damages." *Travellers Int'l, A.G. v. Trans World Airlines,* 41 F.3d 1570, 1579 (2d Cir.1994); *see also In re All–Flow,* 1995 WL 591142 at *9 (noting that *Kenford* rejected per se rule against lost profits damage awards to new businesses and instead addressed this as rule of evidence). Therefore, we conclude that it was within the authority of the arbitrator to award lost profits damages to ITC.

██ Perhaps realizing the futility of its argument, USFI urges us to apply a more stringent level of review to the arbitrator's decision. USFI points to the Agreement's instruction that the arbitrator should interpret the agreement "strictly in accordance with the substantive law of the State of New York" and argues, in substance, that we should review the arbitrator's award of lost profits damages in the same manner as we would review a district court's award of such damages. Even if there were a record of the arbitration proceedings before us that would allow such review, and there is not, USFI's argument ignores the Agreement's express statement that "[t]he arbitration order shall be a final order and not appealable." We conclude, as a matter of law, that the parties

did not intend any review of the arbitrator's decision beyond that already provided by the Federal Arbitration Act. Accordingly, we affirm the district court's grant of the petition to confirm and its denial of the motion to vacate.

██ ITC cross-appeals the district court's denial of the motion for sanctions under Fed.R.Civ.P. 11(c) and 28 U.S.C. § 1927. We review the denial of such a motion for abuse of discretion. *MacDraw, Inc. v. CIT Group Équip. Fin., Inc.,* 73 F.3d 1253, 1257 (2d Cir.1996). A legal argument under Rule 11 will result in sanctions when " 'it [is] clear . . . that there is no chance of success.' " *Shafii v. British Airways PLC,* 83 F.3d 566, 570 (2d Cir.1996) (quoting *Mareno v. Rowe,* 910 F.2d 1043, 1047 (2d Cir. 1990), *cert. denied,* 498 U.S. 1028, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991)). Similarly, a motion for sanctions against an attorney under § 1927 is only appropriate where the argument is " 'so completely without merit as to require the conclusion that [it] must have been undertaken for some improper purpose such as delay.' " *Id.* at 571 (quoting *Keller v. Mobil Corp.,* 55 F.3d 94, 99 (2d Cir.1995)). We acknowledge that the positions taken by USFI and its counsel in this litigation border on violating both of these standards, but we cannot conclude that those lines have been crossed. Viewed charitably, USFI has made a barely non-frivolous argument that the award of lost-profits was improper under New York law and the Federal Arbitration Act. We therefore affirm the district court's denial of the motion for sanctions.

██ After oral argument, counsel for USFI, without any discernable justification, submitted a letter to this court pursuant to Fed. R. App. P. 28(j) that reargued issues already raised in USFI's briefs. Rule 28(j) authorizes letters to the court after oral argument only when "pertinent and significant authorities come to the attention of a party." We agree with ITC that USFI's letter does not even come close to meeting the standard of Rule 28(j). Thus, pursuant to Fed. R. App. P. 39(a), we award costs to ITC on the appeal but deny similar costs to USFI on the cross-appeal as a sanction. *See Varda, Inc.*

*v. Insurance Co. of N. Am.*, 45 F.3d 634, 640–41 (2d Cir.1995).

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court, award costs to ITC on the appeal, and deny costs to USFI on the cross-appeal.