**Thomas J. HENNESSY, Plaintiff,**

v.

**CEMENT AND CONCRETE WORKER'S UNION LOCAL 18A, OF THE LABORER'S INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO, Defendant.**

No. 96 Civ. 0146 (JGK).

United States District Court,
S.D. New York.

May 19, 1997.

John Nicholas Iannuzzi, Donald J. Yannella, Iannuzzi & Iannuzzi, New York City, for plaintiff.

Randall D. Bartlett, Bartlett, Bartlett & Ziegler, P.C., New York City, for defendant.

### *OPINION AND ORDER*

KOELTL, District Judge.

The plaintiff, Thomas J. Hennessy, brought this action to recover benefits allegedly owed to him by the defendant, Cement and Concrete Worker's Union Local 18A, of the Laborer's International Union of North America, AFL–CIO ("Local 18A"), pursuant to Local 18A's Termination Pay Plan, a pension plan as defined in 26 U.S.C. § 401 and 26 U.S.C. § 411. Plaintiff Hennessy asserts that defendant Local 18A's denial of his rights and benefits due under the Termination Pay Plan was in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 26 U.S.C. § 401, *et seq.*

Defendant Local 18A now moves for summary judgment dismissing the complaint pursuant to Fed.R.Civ.P. 56 on the grounds that the claim raised in the complaint is barred by the doctrine of res judicata. Defendant Local 18A also moves for an order awarding reasonable attorney's fees and

costs pursuant to Fed.R.Civ.P. 11, 28 U.S.C. § 1927, and 29 U.S.C. § 1132(g). Plaintiff Hennessy cross-moves for a stay of this action pending final adjudication of an action involving the same parties in the New York State Supreme Court. On May 5, 1997, the Court heard oral argument on the motion.

## I.

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gallo v. Prudential Residential Servs. Ltd. Partnership*, 22 F.3d 1219, 1223 (2d Cir.1994). "The trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo*, 22 F.3d at 1224.

The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrates[s] the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553. The substantive law governing the case will identify those facts which are material and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)); *see also Gallo*, 22 F.3d at 1223.

If the moving party meets its burden, the burden shifts to the nonmoving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). With respect to the issues on which summary judgment is sought, if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir.1994).

## II.

There is no material dispute with respect to the following facts. Thomas Hennessy is Local 18A's former Business Manager. (Def.'s 3(g) Statement ¶ 2.) On May 25, 1993, Hennessy pleaded guilty in the United States District Court for the Southern District of New York to the crimes of conspiracy in violation of 18 U.S.C. § 371, extortion of voters' democracy rights in violation of 18 U.S.C. § 1951(b)(3), and extortion of candidates' democracy rights in violation of 18 U.S.C. § 1951. (Def.'s 3(g) Statement ¶ 3; Pl.'s 3(g) Statement ¶ 4.) In or about April 1994, Hennessy commenced an action against Local 18A in New York State Supreme Court, New York County. (Def.'s 3(g) Statement ¶ 4; Pl.'s 3(g) Statement ¶ 3.) In his complaint, Hennessy alleged that he was owed benefits under Local 18A's Termination Pay Plan. (Def.'s 3(g) Statement ¶ 6; Bartlett Aff. Ex. B; Pl.'s 3(g) Statement 1 3.) Local 18A answered and asserted counterclaims against Hennessy alleging, among other things, that Hennessy, as Local 18A's Business Manager and officer, breached his fiduciary duty to Local 18A and its members by his illegal acts and interferences with Local 18A's business and members. (Def.'s 3(g) Statement ¶ 8; Bartlett Aff. Ex. C; Pl.'s 3(g) Statement ¶ 3.)

On or about January 17, 1995, Local 18A moved for partial summary judgment on its counterclaims. (Def.'s 3(g) Statement ¶ 11; Pl.'s 3(g) Statement ¶ 3.) In a decision dated February 16, 1995, Justice Gammerman granted Local 18A's motion with respect to the issue of Hennessy's liability to Local 18A, referred the issue of Local 18A's damages to

a referee, and directed the parties to prepare for trial on Hennessy's claim for benefits under the Termination Pay Plan. (Def.'s 3(g) Statement ¶ 12; Pl.'s 3(g) Statement ¶ 3.) On March 17, 1995, Hennessy filed a notice of appeal with the Appellate Division, First Department, challenging the order granting summary judgment on Local 18A's counterclaim with respect to liability. (Def.'s 3(g) Statement ¶ 13; Bartlett Aff. Ex. D; Pl.'s 3(g) Statement ¶ 3.) To date, no inquest has been held, and the issue of damages on the counterclaim is still pending. (Def.'s 3(g) Statement ¶ 14; Pl.'s 3(g) Statement ¶ 3.)

On or about April 17, 1995, Local 18A served a motion for summary judgment seeking dismissal of the complaint. (Def.'s 3(g) Statement ¶ 15; Pl.'s 3(g) Statement ¶ 3.) Hennessy served a cross-motion seeking an order discontinuing the state court action. (Def.'s 3(g) Statement ¶ 16; Pl.'s 3(g) Statement ¶ 3.) In an order dated May 23, 1995, the court granted Local 18A's motion for summary judgment, dismissed the complaint, and denied Hennessy's cross-motion for an order of discontinuance. (Def.'s 3(g) Statement ¶ 17; Bartlett Aff. Ex. E; Pl.'s 3(g) Statement ¶ 3.) Justice Gammerman explained on the record:

> I have had some familiarity with the case and in my view there is absolutely no basis for the claim. To permit the action to be discontinued without prejudice will merely encourage the plaintiff to seek the monies he's seeking here in another forum, and in my view there is no merit to the claim. There is no basis for seeking it anyplace.

(Bartlett Aff. Ex. E at 2–3.) Hennessy concedes that under New York law he could have appealed the dismissal of his claim for Termination Pay but did not do so. At oral argument on this motion, however, his counsel explained that he chose to await a decision on the damages on the counterclaim before appealing from the dismissal of his claim.

On or about January 10, 1996, Hennessy filed this action against Local 18A in the United States District Court, Southern District of New York.

## III.

Defendant Local 18A argues that this action is barred by the doctrine of res judicata because plaintiff Hennessy could have raised his present claim in the prior state court action in which he also sought to recover his Termination Pay from Local 18A. Res judicata is designed to protect "litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1977). Res judicata bars subsequent litigation of "any ground of recovery that was available in the prior action, whether or not it was actually litigated or determined." *Balderman v. United States Veterans Admin.*, 870 F.2d 57, 62 (2d Cir.1989); *see also Nevada v. United States*, 463 U.S. 110, 129–30, 103 S.Ct. 2906, 2917–18, 77 L.Ed.2d 509 (1983) ("Simply put, the doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, '[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1876). The final 'judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever.' *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948)."); *Parklane Hosiery*, 439 U.S. at 326 n. 5, 99 S.Ct. at 649 n. 5 (describing the standard for res judicata); *Greenberg v. Board of Governors of the Federal Reserve Sys.*, 968 F.2d 164, 168 (2d Cir.1992) ("The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits in one action bars subsequent relitigation of the same claim by the same parties and by those in privity with the parties.").

A federal court must accord state court judgments the same preclusive effect as other courts within that state. See U.S. Const. art. IV, § 1; *Brooks v. Giuliani*, 84

F.3d 1454, 1463 (2d Cir.), *cert. denied sub nom. Brooks v. Pataki,* —— U.S. ——, 117 S.Ct. 480, 136 L.Ed.2d 375 (1996); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994). Under New York law, the transactional approach to res judicata bars "a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Burgos,* 14 F.3d at 790; *see also Brooks,* 84 F.3d at 1463.

Plaintiff Hennessy argues that res judicata does not bar this action because the order dismissing his state court complaint was not a final judgment, but rather a non-final order that affects final judgment and may, but need not, be appealed until after final judgment has been entered. *See* N.Y. C.P.L.R. § 5501(a)(1). He does not dispute that if Justice Gammerman's decision was sufficiently final it would bar the present action that seeks to recover the same benefits in this Court as he sought in New York State court, although under a different theory. He argues that the pendency of Local 18A's counterclaim against him prevented the dismissal of his claim against Local 18A from becoming a final judgment. Hennessy's argument confuses the distinction between finality for purposes of res judicata and finality for purposes of appeal.

▮ The requirement of finality for purposes of res judicata does not necessarily mean a final judgment in an action. *See Bannon v. Bannon,* 270 N.Y. 484, 489, 1 N.E.2d 975 (1936). As explained by the New York Court of Appeals,

[The words 'final judgment'] may include any judicial decision upon a question of fact or law which is not provisional and subject to change and modification in the future by the same tribunal.... The essential element of a conclusive adjudication is finality of the proceedings. A judicial decision can constitute a conclusive adjudication of [a] question of fact or law only when rendered in a proceeding in which a court had jurisdiction to render an irrevocable and final decision upon such question. 'The effect of an adjudication ... must always depend upon the nature of the

proceeding.' *Everett v. Everett,* 180 N.Y. 452, 461, 73 N.E. 231, 233.... The test then is not the form of the decision, but the nature of the proceedings in which the adjudication is made.

*Id.* at 489–91, 1 N.E.2d 975; *see also Slater v. American Mineral Spirits Co.,* 33 N.Y.2d 443, 446, 354 N.Y.S.2d 620, 622, 310 N.E.2d 300 (1974) ("Although technical and historical distinctions might be drawn between final orders and final judgments, we find no occasion here to reach a different result because the record does not disclose the formal entry of a final judgment. In the state of modern practice it would be inappropriate to attach significance to any such distinction."); *State Bank of Albany v. McAuliffe,* 108 A.D.2d 979, 980–81, 485 N.Y.S.2d 139, 141 (3d Dep't 1985) (summary judgment on a complaint is sufficient for collateral estoppel despite the existence of unadjudicated counterclaims); *cf. Lummus Co. v. Commonwealth Oil Refining Co.,* 297 F.2d 80, 89 (2d Cir.1961), ("'Finality' in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again."), *cert. denied,* 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962); *Yaba v. Roosevelt,* 961 F.Supp. 611, 621–22 n. 2 (S.D.N.Y. 1997) ("Finality for the purposes of res judicata is not as strict as the requirements of finality for the purposes of bringing an appeal."). In this case, where an appeal could have been taken from the order finally disposing of the plaintiff's claim, but was not, res judicata applies. *See Slater,* 33 N.Y.2d at 446–48, 354 N.Y.S.2d at 622–24, 310 N.E.2d 300; *see also Lightning Park, Inc. v. Bank Leumi Trust Co. of New York,* No. 97 Civ. 719, 1997 WL 133319, at *4 (S.D.N.Y. Mar. 24, 1997).

Finality for purposes of the various New York State appeal provisions is different from finality for purposes of res judicata. *See Burke v. Crosson,* 85 N.Y.2d 10, 15–16, 623 N.Y.S.2d 524, 527–28, 647 N.E.2d 736 (1995); *cf. McAuliffe,* 108 A.D.2d at 980–81, 485 N.Y.S.2d at 141 ("The finality of a judgment for the purposes of appealability is not the same as its finality for collateral estoppel purposes. Finality for the purposes of an

appeal to the Court of Appeals requires a final disposition of all the issues in the action. . . .").

In this case, Hennessy's ERISA claim arises out of the same set of facts as the claim dismissed by Justice Gammerman and was a ground of recovery that was available in the prior action. See 29 U.S.C. § 1132(e)(1) (giving state courts and district courts concurrent jurisdiction over suits to recover benefits under ERISA). Justice Gammerman's order granting Local 18A's motion for summary judgment, dismissing the complaint, and denying Hennessy's cross-motion for an order of discontinuance was a final adjudication on the merits for res judicata purposes. The fact that Hennessy could have appealed the order but chose to await a decision on the damages on the counterclaim before appealing from the dismissal of his claim does not change the conclusive effect of the final disposition of the claim.[1]

Plaintiff Hennessy's claim thus is precluded by the doctrine of res judicata. Accordingly, Local 18A's motion to dismiss the complaint is granted.

### IV.

 Defendant Local 18A also moves for an order awarding attorney's fees and costs pursuant to Fed.R.Civ.P. 11, 28 U.S.C. § 1927, and 29 U.S.C. § 1132(g). The motion is denied. Rule 11 sanctions are judged under an objective reasonableness standard and are appropriate only when it is patently clear that a pleading has no chance of success. See Lapidus v. Vann, 112 F.3d 91, 96 & n. 6 (2d Cir.1997); International Telepassport Corp. v. USFI, Inc., 89 F.3d 82, 86 (2d Cir.1996); K.M.B. Warehouse Distribs., Inc. v. Walker Mfg. Co., 61 F.3d 123, 131 (2d Cir.1995). An award of attorney's fees and costs under 29 U.S.C. § 1132(g)(1) is discretionary. See 29 U.S.C. § 1132(g)(1); New York State Teamsters Conference Pension & Retirement Fund v. Boening Bros., Inc., 92 F.3d 127, 135 (2d Cir.1996). The imposition of sanctions pursuant to 28 U.S.C. § 1927 requires a clear showing of bad faith. See Lapidus, 112 F.3d 91, 96 & n. 6; Succession Picasso v. Spedding, No. 96 CIV. 4546, 1997 WL 65911, at *3 (S.D.N.Y.1997). In this case, although the Court has dismissed the complaint, defendant Local 18A has not demonstrated the appropriateness of an award of attorney's fees or costs under Rule 11, 29 U.S.C. § 1132(g), or 28 U.S.C. § 1927. It cannot be said that this complaint had no chance of success, that it was brought in bad faith, or that the Court should exercise its discretion to award fees.

### V.

Plaintiff Hennessy cross-moves for a stay of this action until the state court action has been fully litigated and appealed. However, the pendency of a determination of the damages owed to Local 18A by Hennessy stemming from his illegal acts is not a basis to allow the continuation of this action, which is barred by res judicata. Accordingly, the plaintiff's motion for a stay of this action is denied.

### CONCLUSION

For the reasons explained above, defendant Local 18A's motion for summary judgment is **granted** and the complaint is dismissed. Defendant Local 18A's motion for attorney's fees and costs is **denied.** Plaintiff Hennessy's cross-motion for a stay of this action is **denied.** The Clerk is directed to enter Judgment dismissing the action and closing the case.

### SO ORDERED.

---

1. Because finality for purposes of res judicata is different from finality for purposes of the rules of appeal, it is not necessary to determine whether there has been an "implied severance" in this case for purposes of appeal. See Burke, 85 N.Y.2d at 15–16, 623 N.Y.S.2d at 527–28, 647 N.E.2d 736. If there were an implied severance, then the dismissal of Hennessy's complaint in state court would be considered sufficiently separate and final so that his ultimate appeal after there is a judgment on the counterclaims would not bring up for review the dismissal of his complaint because that dismissal would have been a "final" order rather than a "non-final" order reviewable at the time of review of the final judgment. See id.; see also N.Y. C.P.L.R. § 5501(a). It is not necessary to reach this question, and it may be considered on appeal in the New York State courts from any final judgment.