■ In the Matter of ANONYMOUS, an Attorney, Respondent. PETER HEABERKORN, Petitioner.— Application by petitioner, in his individual capacity, to discipline respondent, an attorney, on certain stated charges growing out of a civil action. Application dismissed. The petitioner is not the proper party to bring a disciplinary proceeding against an attorney (*Matter of Tuck*, 180 App. Div. 924; *Matter of Anonymous No. 1*, 13 N Y 2d 654). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.

### (March 30, 1964)

■ THOMAS CONNOLLY et al., Respondents, v. JAMES J. McMAHON, JR., Defendant, and T. A. TRANSPORTATION CORP. et al., Appellants.— In an action to recover damages for personal injury, medical expenses and loss of services, defendants T. A. Transportation Corp. and George C. Grogan appeal from a judgment of the Supreme Court, Nassau County, entered June 10, 1963 after trial, upon a jury verdict of $5,500 in favor of plaintiff Claudia Connolly. Judgment reversed on the law and facts, action severed as to the said two defendants and the plaintiffs, and new trial granted as to said parties, with costs to abide the event, unless, within 30 days after entry of the order hereon, the female plaintiff shall serve and file a stipulation consenting to reduce to $2,000 the amount of the verdict in her favor and to modify the judgment accordingly; in which event, the judgment, as so reduced and modified, is affirmed, without costs. The female plaintiff and her husband received $5,500 in settlement of their action, arising out of the same accident, from another defendant who is not an appellant here; the settlement was made in August, 1960, and the action was discontinued as to that defendant. The jury's verdict for $5,500 against the remaining two defendants (appellants) brought the total recovery to $11,000. In our opinion, such a recovery is disproportionate to the injuries sustained and is excessive at least to the extent indicated. Hence, the jury's verdict should be set aside and a new trial granted, unless the female plaintiff consents to the reduction specified. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.