■ CHARLES E. S. McLEOD, INC., Appellant, v R. B. HAMILTON MOVING AND STORAGE, Respondent. (And a Third-Party Title.) — In an action to recover damages for breach of a lease of machinery, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated February 5, 1981, which, upon denying its motion for summary judgment and granting the defendant's cross motion for summary judgment, dismissed the complaint. Judgment reversed, on the law, with $50 costs and disbursements, motion granted to the extent of awarding partial summary judgment to plaintiff on the issue of liability, cross motion denied, and matter remitted to Special Term for a trial on the issue of damages. The plaintiff is in the business of leasing industrial equipment. On January 4, 1978 it leased three cranes to the defendant. The rental agreement contained a clause which stated: "YOU [defendant lessee] ARE TO ASSUME full responsibility for equipment during rental period, and are to return it to us in as good condition as received less wear incident to normal use in the hands of a competent operator." On January 30, 1978 one of the cranes covered by the lease sustained damage and on January 31, 1978 the defendant returned it to the plaintiff unrepaired. The plaintiff caused repairs to be made but it was not until approximately April 15, 1978 that they were completed and the crane was again operable. The

defendant agreed to pay the cost of repairs to the crane and upon its tender of $35,500 to plaintiff, the latter executed a release containing the following caveat: "IT IS UNDERSTOOD AND AGREED that the execution of the foregoing release is intended to cover only that portion of releasor's claim against the releasee for property damage loss only and the releasor reserves its claim against the releasee which it now has for loss of 'downtime'; both of which claims arose out of the same incident on January 30, 1978." Thereafter plaintiff commenced this action, sounding in breach of the lease contract, to recover $16,250 in damages for the inability to rent the crane during the period it was undergoing repairs. The defendant's answer denied that it had breached the contract and set up certain "affirmative defenses" and a counterclaim. Plaintiff moved for summary judgment and the defendant cross-moved for the same relief. Special Term granted summary judgment to the defendant and dismissed the complaint, holding that "[b]ased upon the terms in the rental agreement, the plaintiff does not have a claim for 'downtime' for the period of time its equipment was being repaired." We disagree. The instant record establishes a clear breach of the lease contract by the defendant. It covenanted "to return [the crane to plaintiff] in as good condition as received less wear incident to normal use in the hands of a competent operator." It returned a damaged crane which took some 10 weeks to repair. The defenses and counterclaim asserted by defendant to plaintiff's cause of action on that breach are without merit. The defendant's first affirmative defense alleged that plaintiff had accepted a settlement with respect to part of the dispute and that this proceeding therefore constitutes an improper splitting of a cause of action. The rule prohibiting claim splitting prohibits two actions on the same claim or parts thereof. Here, however, only one action has been commenced. Most importantly, the rule prohibiting claim splitting does not apply where, as here, the parties have agreed to split the claim by settling only part of the dispute between them (Restatement, Judgments 2d [Tentative Draft No. 1, 1973], § 61.2; *Brown v Lockwood,* 76 AD2d 721, 740). Another of defendant's defenses alleged that as a precondition to renting the crane the plaintiff designated two particular individuals who were to serve as operator and oiler, that it was the negligence of those individuals which caused the breach of the contract, and that therefore any damages were sustained by reason of the negligence of plaintiff's own employees. The counterclaim sought apportionment of damages on the basis of the relative fault of the parties. That affirmative defense and counterclaim are without merit for at least two reasons. First, the contract specifically provided that "[p]ersonnel on this machine are to be carried on your [defendant's] payroll". The individuals in question were, therefore, the defendant's and not the plaintiff's employees. Second, the breach of the contract was not the causing of damage to the crane. It consisted of the defendant's admitted failure to return the crane in good condition. The defendant's agreement to that effect in the terms of the lease created an unconditional obligation shifting the risk of loss to the defendant, and, in effect, made it an insurer against damage to the crane regardless of negligence or fault of any person in causing that damage (8 Am Jur 2d, Bailments, § 153). The remaining issue is whether plaintiff may recover the rental value of the crane during the period it was under repair. The defendant's second affirmative defense asserts that such consequential damage may not be recovered. It is the generally accepted rule that a plaintiff who has established a breach of contract may recover damages for any loss sustained by him which at the time of the making of the contract the defendant had reason to foresee would be a natural and probable consequence of such breach (*Hadley v Baxendale,* 9 Exch 341; Restatement, Contracts 2d, § 351, subd [1]; 5 Corbin,

Contracts, §§ 1006-1009; 13 NY Jur, Damages, § 46). Thus, the plaintiff may recover consequential damages for the loss of rentals of the crane resulting from defendant's failure to return it in good condition only if it can be said that at the time of the making of the contract the defendant ought to have foreseen that plaintiff would sustain such damages as a result of a breach of the contract clause in question (see 5 Corbin, Contracts, § 1009). A loss may be foreseeable as a probable result of a breach because it follows from the breach (a) in the ordinary course of events or (b) as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know (Restatement, Contracts 2d, § 351, subd [2]). In this case a jury could find that the defendant knew of the special circumstance that plaintiff was in the business of renting heavy equipment and that it therefore should have foreseen that if it breached the covenant in question and returned the crane in inoperable condition, the plaintiff might well sustain a loss by reason of the inability to relet the crane until it was repaired (cf. *Muller v Ocala Foundry & Mach. Works,* 49 Fla 189). This is not a case in which the defendant merely promised to pay the cost of necessary repairs to rented machinery and hence assumed no liability for loss of rentals (cf. *Ambassador Airways v Frank,* 124 Cal App 56), but rather it is one involving a broader unconditional promise to return the machinery in good condition. That broader promise could support an award of the consequential damages sought here. Accordingly, partial summary judgment should have been awarded to plaintiff on the issue of liability, because of the defendant's uncontroverted breach of the contract, and the matter should now be remitted for a trial on the issue of damages. At that trial it will be incumbent on the plaintiff to prove (1) that defendant could have foreseen that loss of rentals would occur if the clause in question was breached and (2) that it had a prospective lessee for the crane during the period it was undergoing repairs. Damiani, J. P., Gulotta, Rubin and Boyers, JJ., concur.