[660 NYS2d 741]

PAKISTAN ARTS & ENTERTAINMENT CORPORATION et al., Respondents, v PAKISTAN INTERNATIONAL AIRLINES CORP., Appellant, et al., Defendants.

Second Department, August 11, 1997

## APPEARANCES OF COUNSEL

*Mumtaz H. Alvi,* New York City *(Elan Gerstmann* of counsel), for appellant.

*Anwar M. Shaikh,* Staten Island, for respondents.

## OPINION OF THE COURT

FLORIO, J.

In this matter we are called upon to determine whether, as a matter of law, one who purchases airline tickets for travel by others as passengers on an airline can recover damages it has suffered by reason of the airline's failure to timely transport such passengers. Because we find that there is a right to recover such damages under the Warsaw Convention, the denial of that branch of the appellant's motion which was to dismiss the complaint insofar as asserted against the appellant was proper.

The plaintiffs, Pakistan Arts & Entertainment Corporation and its principal, Iftikar Ahmed (hereinafter collectively PAE), are in the business of organizing entertainment events. PAE arranged a United States tour for a certain group of entertainers and bought airline tickets for the group through the defendant travel agent for passage from Lahore, Pakistan, to New York. The tickets provided for transportation by the defendant Pakistan International Airlines Corp. (hereinafter the Airline). After the group traveled from Lahore to Karachi, Pakistan, on the first leg of the trip, the Airline cancelled their flight from Karachi to New York for two days, ostensibly due to defective equipment. Unable to start their tour, the New York show was cancelled and the group returned to Lahore.

PAE then commenced the instant suit seeking to recover from the defendants damages caused by the delay, and alleging claims under State law, and under the Warsaw Convention (Convention For The Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 US Stat 3000, 3014, TS 876 [hereinafter the Convention]).

By order dated July 28, 1995, the court granted in part and denied in part a motion by the Airline under CPLR 3211 (a) to dismiss the complaint insofar as asserted against it. The court

denied the Airline's motion as it related to the claims falling under articles 19, 20, and 25 of the Warsaw Convention, but granted dismissal as to those claims which sought recovery of punitive damages and sanctions based on State law, determining that such claims were preempted by the Convention.

On September 19, 1995, the Airline moved, *inter alia,* for reargument of so much of its motion as sought to dismiss the complaint. PAE then cross-moved for additional sanctions and for preclusion of issues relating to a third set of interrogatories, which it alleged the Airline had willfully failed to answer.

The court, by order dated March 19, 1996, granted reargument, adhered to its prior determination, and denied the cross motion for sanctions and preclusion. Thereafter, the Airline appealed from so much of the second order as, upon reargument, denied its motion to dismiss PAE's claims under the Convention.

The Convention, which was adopted when the airline industry was in its infancy, has two primary goals. The first is to establish a uniform procedure to deal with claims arising out of intentional air transportation. The second is to limit airline liability in the event of an accident. It became effective in February 1933, with most of the European nations joining by the end of that year. The United States joined the Convention in July 1934. The Convention preempts State laws for claims covered by it, while at the same time enables plaintiffs to sue directly under its terms *(In re Air Disaster at Lockerbie, Scotland,* 928 F2d 1267, 1270, 1273, *cert denied sub nom. Rein v Pan Am. World Airways,* 502 US 920).

The Convention is premised upon a "contract" between the passenger and the airline. However, the contract is an unusual one since it requires only that "the carrier consent to undertake the international transportation of the passenger from one designated spot to another, and that the passenger in turn consent to the undertaking" *(Block v Compagnie Nationale Air France,* 386 F2d 323, 330-331, *cert denied* 392 US 905). The Convention also does not limit the contract solely to one made directly between the passenger(s) and carrier. Thus, it does not prohibit another from entering into a contract with a carrier for the transportation of passengers *(see, Block v Compagnie Nationale Air France, supra,* at 332). It also appears that once there is an agreement to the carriage, and the Convention is applicable (which the parties here agree it is), any claims that may be made are governed and limited by its language.

Article 19 of the Convention states "[t]he carrier shall be liable for damage occassioned by delay in the transportation by air of passengers, baggage, or goods". Article 24 (1) states that "[i]n the cases covered by articles 18 and 19 any action for damages, however founded, can only be brought subject to the conditions and limits set out in this convention". The only provision of the Convention which appears to condition and/or limit damages is article 20, which provides a defense to the imposition of damages under certain conditions. However, the Convention does not otherwise bar, condition, or restrict a claim for damages suffered due to delay in transporting a passenger. (We note that in making this determination we are not called upon to decide whether any of the monetary limits set out in the Convention and/or its amendments are applicable. The only issue before us is the viability of the plaintiffs' claim, not any possible monetary limits thereon.)

There is no doubt that the Convention applies to this matter since by article 1 (1) it applies to "all international transportation of persons * * * by aircraft for hire". Moreover, as the court in *Block v Compagnie Nationale Air France (supra,* at 332, n 27) pointed out in a footnote, the Convention itself appears to anticipate that someone other than the passenger may make the contract. That same court also noted that the official version of the treaty speaks of a "stipulation" rather than a contract, thus anticipating a somewhat broader and more inclusive form of relationship and responsibility than that implied by the usual contract.

We find, therefore, that damages resulting from the delay in transporting a passenger are of the type permitted to be recovered under the Convention *(see,* Warsaw Convention arts 19, 20, 24; *see also, Wolgel v Mexicana Airlines,* 821 F2d 442, 444, *cert denied* 484 US 927; *Sassouni v Olympic Airways,* 769 F Supp 537; *Harpalani v Air India,* 622 F Supp 69).

Moreover, by virtue of having purchased the tickets through the Airline's authorized agent or agents, the corporate plaintiff became a party to the agreement to transport certain passengers in a timely fashion. Since the damages legally cognizable under the Convention are those cognizable under New York law *(see, Zicherman v Korean Air Lines Co.,* 516 US 217), and since damages for the failure to timely transport, if contemplated and foreseeable, are properly cognizable under New York law *(see generally, Goodstein Constr. Corp. v City of New York,* 80 NY2d 366; *Charles E. S. McLeod, Inc. v Hamilton Moving & Stor.,* 89 AD2d 863; *see also, Schos-*

*tal v Compagnie Generale Transatlantique,* 27 NYS2d 688), the complaint sufficiently states a cause of action to avoid dismissal.

We reject the Airline's contention that *Zicherman v Korean Air Lines Co. (supra)* supports its assertion that third parties cannot bring suits except under article 17. There, the issue was whether nonparties to the agreement to transport a passenger can sue the carrier under article 17 of the Convention. Such a limitation is irrelevant to the instant case, as here the corporate plaintiff was a party to the transportation agreement.

We have examined the appellant's remaining contention and find it to be without merit.

GOLDSTEIN, J. P., McGINITY and LUCIANO, JJ., concur.

Ordered that the appeal from the order dated July 28, 1995 is dismissed, as that order was superseded by the order made upon reargument; and it is further,

Ordered that the order dated March 19, 1996 is affirmed, insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.