(November 19, 2001)

■ ALBANY INSURANCE COMPANY, as Subrogee of BAY CRANE SERVICE, INC., Respondent, v GRECO BROS. READY MIX CONCRETE CO., INC., Doing Business as GRECO BROS. BUILDING MATERIALS, Appellant, et al., Defendant. [733 NYS2d 466] —In an action, *inter alia,* to recover damages for breach of contract, the defendant Greco Bros. Ready Mix Concrete Co., Inc., d/b/a Greco Bros. Building Materials, appeals from an order of the Supreme Court, Queens County (Glover, J.), dated November 13, 2000, which granted the plaintiff's motion for partial summary judgment against it on the issue of liability on the first cause of action.

Ordered that the order is affirmed, with costs.

In November 1997 the defendant Greco Bros. Ready Mix Concrete Co., Inc., d/b/a Greco Bros. Building Materials (hereinafter Greco Bros.), rented a hydraulic crane from Bay Crane Service, Inc. (hereinafter Bay Crane). Pursuant to the rental agreement, Greco Bros. was required to procure insurance and to return the equipment in as good condition as received. Greco Bros. also agreed, pursuant to the agreement, to hire a competent, licensed crew to operate the crane. On November 28, 1997, the crane's boom collapsed while the crane was operated by the defendant Robert V. Friberg, an independent contractor.

The plaintiff Albany Insurance Company, a/s/o Bay Crane Service, Inc. (hereinafter Albany Insurance), commenced this action in April 1999 to recover the amount it paid on a claim submitted by Bay Crane with respect to the crane, which was damaged beyond repair.

In June 2000 Albany Insurance moved for partial summary judgment on the issue of liability on its first cause of action to recover damages for breach of contract against Greco Bros. Albany Insurance maintained that Greco Bros. breached the contract by failing to return the crane in as good condition as received, and by refusing to pay for the damage to the crane. The Supreme Court granted the motion. We affirm.

The Supreme Court correctly determined that Greco Bros.

breached the rental agreement by failing to return the crane in as good condition as received (*see, McLeod v Hamilton Moving & Stor.,* 89 AD2d 863).

The appellant's remaining contentions are without merit. Santucci, J. P., Goldstein, McGinity and Crane, JJ., concur.